IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION

**CRIMINAL CASE NO. 2:09cr19**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| MICHAEL HARLAN BRANNON. | ) | |

**THIS MATTER** is before the Court on the Government's Sealed Memorandum in Support of Order of Restitution [Doc. 32], filed October 7, 2010, and the Defendant's Response to Request for Restitution [Doc. 37], filed October 22, 2010.

## I. BACKGROUND

On September 14, 2009, the Defendant Michael Harlan Brannon pled guilty pursuant to a plea agreement to one count of possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The Defendant's sentencing was held on October 8, 2010. At the sentencing hearing, the Court deferred the issue of restitution so that the parties could submit briefs on the issue. The Government subsequently requested a hearing on the

issue of restitution, which the Court granted. The Court having heard oral argument from the parties on December 8, 2010, this matter is now ripe for disposition.

Relevant to the issue of restitution, among the images and videos found in the Defendant's possession at the time of his arrest were images from what has come to be known as the "Vicky" series. "Vicky" is a pseudonym for a known child victim of child sexual abuse. Now an adult, Vicky has submitted loss figures for the Court's consideration in imposing restitution pursuant to 18 U.S.C. § 2259.[1]

In another possession case recently before this Court, the Government sought restitution on behalf of Vicky in the amount of $383,803.60. The Court denied the Government's request, concluding that the Government had failed to meet its burden of proving the amount of losses to Vicky that had been proximately caused by the specific conduct of the defendant. See United States v. Rowe, No. 1:09cr80, 2010 WL

---

[1]As noted in the Government's Memorandum, following the submission of these materials, Vicky's counsel requested that the Government withdraw the request for restitution. An award of restitution in a child pornography case is mandatory and unwaivable. See 18 U.S.C. § 2259(a) ("the court *shall order* restitution for any offense under this chapter") (emphasis added); United States v. Brunner, No. 5:08cr16, 2010 WL 148433, at *1 (W.D.N.C. Jan. 12, 2010) ("The mandatory nature of an award of restitution [under section 2259] is explicit and unwaivable."). Accordingly, the Court will address the Government's request for restitution, despite Vicky's apparent desire to no longer pursue such an award in this case.

2

3522257, at *6 (W.D.N.C. Sep. 7, 2010). The Government now seeks an award of restitution to Vicky in this case, arguing that 18 U.S.C. § 2255, a civil remedy provision, authorizes the Court to order $150,000 in criminal restitution even in the absence of proof of the precise amount of losses proximately caused by this Defendant's conduct. For the following reasons, the Government's request for restitution is denied.

II.  **DISCUSSION**

Section 2259 of Title 18 of the United States Code provides for restitution in all cases involving the sexual exploitation and abuse of children. Section 2259 mandates that the Court order a defendant convicted of such an offense to pay "the full amount of the victim's losses" as restitution to the "victim." 18 U.S.C. §§ 2259(b)(1) and (4). Section 2259 defines a "victim" as an "individual harmed as a result of a commission of a crime under [chapter 110 of Title 18]." 18 U.S.C. § 2259(c). The statute further provides that the "full amount of the victim's losses" includes any costs incurred by the victim for:

> (A) medical services relating to physical, psychiatric, or psychological care;

> (B) physical and occupational therapy or rehabilitation;
>
> (C) necessary transportation, temporary housing, and child care expenses;
>
> (D) lost income;
>
> (E) attorneys' fees, as well as other costs incurred; and
>
> (F) any other losses suffered by the victim as a proximate result of the offense.

18 U.S.C. § 2259(b)(3). The Government concedes that the phrase "proximate result of the offense" in subsection (F) applies to all of the enumerated losses set forth in the statute and thus the Government is required to establish proximate causation between each of the victim's claimed losses and the offense of conviction. [See Doc. 32 at 10-12].

The procedure for the issuance and enforcement of an award of restitution under section 2259 is governed by the Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3664 ("MVRA"). See 18 U.S.C. § 2259(b)(2). Pursuant to the MVRA, the Government has the burden of proving by a preponderance of the evidence "the amount of the loss sustained by a victim." 18 U.S.C. § 3664(e).

The Court determines (as it has done previously) that Vicky has been harmed as a result of the possession of her abuse images and therefore is

a "victim" within the meaning of section 2259. See Rowe, 2010 WL 3522257, at *2-*3. Having established that Vicky is a "victim," the Government must still prove the requisite causal connection between her losses and the conduct of the specific offense committed by the Defendant in order for restitution to be awarded in this case. See In re Amy, 591 F.3d 792, 794 (5th Cir. 2009) ("Courts across the country have followed and applied the proximate-cause requirement in imposing restitution under Section 2259."); United States v. Searle, 65 F. App'x 343, 346 (2d Cir. 2003) (holding that "the district court reasonably concluded that the defendant's actions proximately caused the children's loss of their home and father"); United States v. Laney, 189 F.3d 954, 965 (9th Cir. 1999) ("Section 2259 ... incorporates a requirement of proximate causation [and] therefore requires a causal connection between the offense of conviction and the victim's harm"); United States v. Crandon, 173 F.3d 122, 125 (3d Cir. 1999) ("[Section 2259] requires awarding the full amount of the victim's losses suffered as a proximate result of the offense."). As the Court previously has noted, restitution under section 2259 may be awarded *only* for the amount of Vicky's losses proximately caused by this particular

Defendant's offense. See Rowe, 2010 WL 3522257, at *4; see also United States v. Paroline, 672 F.Supp.2d 781, 791 (E.D. Tex. 2009).

In Rowe, this Court found that while Vicky had suffered unimaginable harm and likely would continue to do so for the rest of her life, the Government had failed to establish the amount of Vicky's losses that are attributable to the defendant's specific conduct, i.e., the possession of her abuse images. As this Court explained:

> The only evidence presented by the Government to establish Vicky's losses . . . quantifies the total amount of damages incurred by her, with no distinction made between the physical and psychological harm suffered as a result of her initial abuse and the psychological harm she subsequently suffered as a result of untold numbers of strangers, including the Defendant, viewing and possessing her abuse images. While the Court has great sympathy for Vicky, the Court cannot dispense with the requirement that the Government satisfy its burden of proving the amount of her losses proximately caused by the Defendant's possession of her abuse images. It is clear that 18 U.S.C. § 3664(e) places on the Government the burden of proving what losses arose from the downloading and possession of the Vicky images, separate and apart from the losses caused to the victim by the abuse and the creation of the images. Absent any evidence in the record that could be used to distinguish these losses and the amounts thereof the Court is simply unable to estimate the amount of Vicky's losses that can be attributed to the Defendant with any reasonable certainty.

6

Rowe, 2010 WL 3522257, at *5 (quotation marks and citations omitted).

Acknowledging the difficulty it has in demonstrating the amount of losses proximately caused to Vicky by the possession of her abuse images, the Government now urges this Court look to 18 U.S.C. § 2255 to justify an award of restitution in the amount of $150,000 in this case. The Government's reliance on 18 U.S.C. § 2255, however, is unpersuasive. Section 2255 provides the victim of a child sex offense with a *civil* remedy for personal injuries suffered as a result of offense. 18 U.S.C. § 2255(a). The statute further provides that in the event such an action is brought, the victim "shall be *deemed* to have sustained *damages* of no less than $150,000 in value." Id. (emphasis added). In relying on this provision, the Government attempts to equate "damages" awarded in a civil context and "losses" to be awarded as restitution in a criminal case. Damages and losses, however, are not necessarily interchangeable terms. The concept of civil damages is very broad, incorporating many different kinds of compensation for an injury or loss. The term encompasses such things as punitive damages or liquidated damages, which may or may not bear any relationship to any actual loss suffered. Criminal restitution, on the other hand, is a statutorily-based award of compensation for specific losses

7

proximately caused by an offense.  See United States v. Barnette, 10 F.3d 1553, 1556 (11th Cir. 1994) ("An order of restitution is not a judicial determination of damages."); United States v. Ferenci, No. 1:08-CR-0414 AWI, 2009 WL 2579102, at *5 (E.D. Cal. Aug. 19, 2009) ("Restitution and the total amount of damages are not always the same thing.").  The Government conceded at oral argument in this matter that section 2255 is essentially a form of a statutorily liquidated damages provision.  It sets the amount of damages the victim is *deemed* to have sustained.  As such, the provision provides the Court with no guidance as to the amount of this victim's actual loss.

Furthermore, nothing in section 2259 suggests that Congress intended to relieve the Government of its obligation to establish proximate cause for the amount of the victim's losses in a child sex offense case.  If Congress had intended for criminal restitution to be calculated based on a presumed amount of loss in such cases, it easily could have expressed such intent by incorporating some reference to the damages presumption set forth in section 2255(a) within the language of section 2259.  Instead, Congress explicitly instructed courts to calculate an award of restitution under section 2259 pursuant to the procedures governing restitution under

8

the MVRA, which places the burden on the Government to demonstrate the *amount of the loss* sustained by the victim as a proximate result of the Defendant's offense. See 18 U.S.C. § 3664(e).

In summary, the Court concludes that restitution under section 2259 may be awarded only for the amount of a victim's losses that the Government establishes were proximately caused by a particular defendant's offense of conviction. Having failed to established the requisite proximate cause in this case, the Government's request for an order of restitution must be denied.

**O R D E R**

**IT IS, THEREFORE, ORDERED** that the Government's request for an order of restitution is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 26, 2011

Martin Reidinger
United States District Judge